BLUM v. RICHLAND COUNTY.

1. CONSTITUTIONAL LAW—DEFECT IN HIGHWAYS.—Section 1087, General Statutes, declares : "Any person who shall receive bodily injury or damage in his person or property, through a defect in the repair of a highway, causeway, or bridge, may recover, in an action against the county, the amount of damages fixed by the finding of a jury." *Held*, a lawful exercise of legislative power, and not in conflict with any constitutional provision of this State or of the United States.
2. CASE CRITICISED.—McCandless *v.* Richmond, &c., R. R. Company, *ante*, 104, recognized and held to be decisive of this case.

Before IZLAR, J., Richland, April, 1892.

Action by David Blum against Richland County, commenced November 2, 1891.

*Messrs. Abney & Thomas*, for appellant.

*Messrs. A. Crawford* and *E. McC. Clarkson*, contra.

February 15, 1893. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This action was brought in the Court of Common Pleas for Richland County, and came on for trial before his honor, Judge Izlar, and a jury, at the April term, 1892. After the plaintiff had read his complaint, the defendant demurred orally thereto, because it did not state facts sufficient to constitute a cause of action. The demurrer was overruled. The defendant then read its answer, and the

case proceeded to trial before the jury, which rendered a verdict for the plaintiff for two hundred dollars.

The complaint was as follows: "That on or about the first day of January, 1891, at a point on the highway from Columbia to Winnsboro, in Richland County, about three and one-half miles north of Columbia, while plaintiff was traveling over the same on horseback, owing to a defectiveness in said highway, caused by the improper work done upon the same, under the supervision of the county officials charged with that duty, he was violently thrown to the ground, whereby his wrist was broken, the ligaments of his arm strained, and he suffered great bodily and mental pain and distress, expended large sums of money in curing himself, and lost much valuable time, to his damage twenty-five hundred dollars," &c.

The oral demurrer to the complaint is as follows: "The defendant hereby enters an oral demurrer to the complaint in the above stated action, on the ground that the same does not state facts sufficient to constitute a cause of action as follows: In this State, no municipal corporation is liable for a tort, except when such liability is created by statute. The complaint, therefore, is based solely upon section 1087, General Statutes. That section is unconstitutional.

1. Because it contravenes the Constitution of the United States, in that (*a.*) It deprives counties of their property without due process of law, in violation of the 14th amendment. (*b.*) It denies to counties within said State the equal protection of the law, in violation of the 14th amendment.

2. Because said section contravenes the Constitution of the State of South Carolina, in that (*a.*) It subjects counties to restraints and disqualifications other than are laid upon other corporations and citizens of the State, in violation of section 12, article I. (*b.*) It discriminates between counties and other corporations and citizens of the State, by imposing upon them conditions and obligations, and subjects them to burdens different from those imposed upon other corporations and citizens, in violation of the same section and article. (*c.*) It imposes a new obligation upon counties for the benefit of another class of citizens, when they are guilty of no neglect of duty, in viola-

tion of the same section and article. (*d.*) It dispossesses counties of their property otherwise than by the law of the land, in violation of the same section and article. (*e.*) It deprives counties of their property under a rule of law, to which other corporations and citizens are not subjected, in violation of the same section and article.

His honor, Judge Izlar, overruled the *demurrer*, and allowed the defendant's counsel to file his grounds, so as to give them the benefit of it in case they desired to appeal. They now appeal to this court, claiming that the judge erred in overruling the demurrer.

We have heard and decided many cases for a series of years, based upon section 1087 of the General Statutes, the constitutionality of which, so far as we remember, is now, for the first time, drawn in question. And nothing has been brought to our attention which has unsettled our former views. Without going at length into the subject, we suppose that the law is properly stated in the 4th volume of the Am. & Eng. Enc. of Law, page 359, as follows: "Counties being merely parts of the State government, they partake of the State's immunity from liability. The State is not liable, except by its own consent; and so the county is exempt from liability, unless the State has consented. The liabilities of counties, whether grounding in tort or contract, are the mere creatures of statutes; and they possess no power, and can incur no obligations, except such as are specially provided for by statute." (See numerous notes.) It is not denied that the legislature, in the section cited, has declared the liabilities of counties—all alike—"for damages to person or property through a defect in the repair of a highway, causeway, or bridge." It strikes us as a proper matter of legislative authority, to maintain the safety and lives of persons traveling upon the highways of a county.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE MCIVER. It seems to me that the question in this case is concluded by the recent decision in the case

of *McCandless* v. *Richmond and Danville Railroad Company*, *ante*, 104, to the authority of which I, in common with every other citizen of the State, should yield cheerful obedience. I do not think that the decision in that case rested alone upon the ground that the defendant company there, having accepted its charter upon the condition that the same might be altered and amended as the legislature might see fit, and, therefore, the legislation there in question could be defended upon the ground of such reserved right, as seems to be assumed in the argument of appellant's counsel; but, as I understand that case, it is conclusive of the question here made.

MR. JUSTICE POPE. I concur, but agree with the chief justice that the decision by this court of *McCandless* v. *Richmond and Danville Railroad Company*, *ante*, 104, is conclusive of the question here raised.